Last day. So we only have three appeals to hear this morning. And counsel, we're familiar with your cases. We've read your briefs, the authority cited in your briefs, portions of the record. So you can feel free to get straight to the heart of your argument. When do pay attention to the traffic lights when the red light shines, we'd like for you to finish up. But if you're answering a question from the court, you can continue your answer until you finish it. But be mindful of our time. We're going to begin this morning with Donald Johnson v. United States Congress. Mr. Chen. Good morning and may it please the court. Jeff Chen for the appellant, Mr. Donald Johnson. I'll jump straight into the sovereign immunity issue. The answer to this court's jurisdictional question is no. The court should not vacate and remand with instructions to dismiss on sovereign immunity grounds. We filed a motion laying out that Mr. Johnson's pro se complaint was sufficient to sustain jurisdiction because it expressly sought relief against a non-immune defendant, the VA. Let's start. You can't sue Congress? Yes, Your Honor. And you want us to allow an amendment of the complaint to allow a suit against the Secretary? So I don't think an amendment, a formal amendment is necessary. He expressly sought relief against a non-immune defendant, the VA. Let's just make sure we're doing it in a way that the record will be very clear. Yep. That would be one way of accomplishing it, right? Right. Amending it right to make it crystal clear. I'm not sure why that wouldn't be futile. I understand your argument about the Johnson decision from the Supreme Court. But it seems to me that's a predecessor statute and a lot has changed since then. And under the current law, as I understand it, the old law was Section 211. Correct. The new law is 511. But now the decisions of the Secretary can be reviewed by the Veterans Board, including all questions of law. Those are then subject to review by the Court of Veterans Claims. And then there's exclusive jurisdiction, all questions of law, including questions of constitutional law. And then there's exclusive jurisdiction in the Federal Circuit, according to the statutes as I read them. We have a comprehensive administrative scheme with judicial review. The Supreme Court, way back when, was worried, hey, look, you can't foreclose judicial review. But it is now expressly allowed for judicial review, but made that judicial review available in the exclusive jurisdiction. And allowing this to go forward, it seems to me, in the district court and in our circuit, is plainly contrary to that. So, Your Honor, I don't — Johnson — the Johnson v. Robeson decision, it did not rely on the fact — it did not ultimately rely on the fact that there was no judicial review. So what it said, it did — it did initially ask whether it was fairly possible to construe Section 211 away for, like, constitutional avoidance reasons. But what it then said, it said construing Section 211 not to extend facial challenges to statutes is not only fairly possible, but is the most reasonable construction. So it didn't — it ultimately did — the reason for that — that opinion was not ultimately because there was no judicial review possible.  But it's still a version of the statute, and now we've got one that makes it, it seems to me, crystal clear that there is judicial review available for all questions of law. But the operative language that Johnson v. Robeson construed to allow — to allow facial constitutional claims or facial constitutional challenges to statutes did not change. And that was the phrase, decision by the Secretary. So the only thing stripping our jurisdiction is the language that did not change, is what you're saying? Well, that is not the only language that did not change, but it is the relevant — sorry. It's the relevant language that strips our jurisdiction? The relevant — right. So, yes, decisions — the key phrase is decisions by the Secretary. And if your attack — if your claims do not attack a decision by the Secretary, then it falls by the side — Your client clearly is attacking the decision of the Secretary about his benefits. No, Your Honor. Our client is not attacking any sort of VA decision. Our client is attacking only a decision of Congress, a classification that Congress drew. That is — that is what Johnson v. Robeson — The indication of that by the agency is what he's challenging. That's — I don't think that's right. I think Johnson — put it this way. Johnson v. Robeson itself was the VA's application of the statute to the plaintiff. Nonetheless, the Supreme Court held that the plaintiff's facial constitutional challenge to a statute was essentially — it was only an attack on a decision of Congress. So, let's say I agree with everything you've just said. And so that means the statute isn't a bar to the claim. That doesn't seem to answer the question, though, that the panel asked, which is, what is the waiver of sovereign immunity? Because that only means that 511 or the predecessor statute didn't bar. I'm agreeing with you at the moment that that's the case. How do we get to the question that we actually asked, which is, how do you get to court as a waiver of sovereign immunity for what you are seeking? So, the VA and the secretary are non-immune defendants. And so if you're asking for the legal source of it, the legal source — we cited cases where they have been the proper defendants, but the legal source — There have been cases where sovereign immunity wasn't discussed and it's there. But there's still the question of, where is there a specific waiver of sovereign immunity that allows you to sue the secretary in order to be able to come to court? Yeah, so there are two. The first is the APA, 5 U.S.C. 702. So, the APA — this gets you into the problem that Chief Judge Pryor just asked you about. Because the APA requires agency action. And you just said, I'm not challenging agency action here. I am challenging the facial constitutionality of the statute. Yeah. And so, the parties that you have to seek relief against do not control the jurisdictional analysis under Section 511. I agree with you. But nothing I just said had anything to do with who we're suing. You've said we're challenging agency action. But you've just said, in response to Chief Judge Pryor's question, and you reiterated throughout your brief — We're not challenging agency action. Because if you are, you have a 511 problem. Correct. And I'm challenging the facial constitutionality of the statute. Correct. The APA doesn't allow you to get to court just for that? I believe it does, Your Honor. I think — Tell me the best case that tells you that where you were suing something independent of any agency action, just challenging — Because I feel like it, and I haven't been injured by it, the facial constitutionality of the statute. Where does that allow? Tell me the case that allows that. That allows a — I'm sorry. So, I want to understand your question. That allows a facial constitutional challenge to a — That allows a facial constitutional challenge independent of any agency action where the APA allows that. Well, so, I mean, one example is — and I don't have the citation for it, but ACLU v. Reno, that was a challenge to — a facial constitutional challenge to a portion of this Communications Decency Act. It was — Did the waiver specifically address sovereign immunity? And under what basis did it say sovereign immunity was waived? There are a lot of cases that don't address sovereign immunity that — that I understand why that —  But that doesn't answer the question of what was the waiver of sovereign immunity? How did they get to court? So, the waiver is under 702 because 702 — so, to answer your question, that was a Supreme Court's affirmance of a — of a permanent injunction. And so — and that was against — that was against the agency. It was against Janet Reno and the Department of Justice, right? And so, yes, they might not have considered sovereign immunity there. But it is there, both in 702 and as a fallback. There — before 702 was passed, federal courts applied ex parte Young-like reasoning for claims against federal officers. So, when a statute was unconstitutional, they used ex parte Young to — What was the relief that you're seeking? An injunction. Mr. Johnson. Well, I — look at the relief section. It's seeking — I want money not just for myself, but I want for every other person, veteran, who is in the same boat that I am. Would — And what would be my expenses for having litigated this case? So, the relevant part here is order the Veterans Administration to immediately cease compensating incarcerated veterans at the reduced 10 percent rate. That — What's the continuation of that? Well, so — A, everybody — what we owe — what you owe. So, there's a separate damages component that may not qualify. But at least that's the first part. It's saying, don't enforce the statute on me. Does it require declaratory relief, or does it require injunctive relief? I'm not sure, but I think it is both. I think it may not be both. I think there is injunctive that is independent of declaration. And I'm not sure that you're seeking an injunction — or you, meaning your client is. I think what your client is seeking is a declaration, and I want you to pay me my money. I think order the Veterans Administration to immediately cease compensating incarcerated veterans at the reduced 10 percent. That sounds like an injunction. Say again? It means stop enforcing the statute. Because what the statute does is it says, reduce the amount. And what he's asking for is, don't enforce the statute. So, go back to the text of the statute. I guess one sort of broader question I have is whether a determination of a statute's constitutionality is necessary to the decision of the secretary. So that is when the secretary is sitting down and saying, look, I'm going to be compensating this particular person in front of me at a reduced rate. Is it necessary to that determination that the secretary says this statute is constitutional to the extent that it does this? So, I don't think so. Why not? Because when Congress passes a statute for the VA — Does the secretary take an oath to support and defend the Constitution? They do, yes. So you're saying that in making those decisions, the secretary could violate the Constitution? No, I'm not saying that. But what I am saying is — Why wouldn't it be necessary for him to determine that in so doing that it complies with the Constitution? So, I think the answer to your question is the first four words of the statute are the secretary shall decide. If you construe the necessary-to language to include determinations as the facial constitutionality of a statute, then that presents constitutional problems of its own. We've cited the Jones Brother case where Judge Sutton says that administrative agencies cannot entertain — do not have jurisdiction to entertain facial constitutional challenges to statutes because only the judiciary can do that, citing Marbury v. Madison, four Supreme Court cases. So, if you — the secretary shall decide. That is — Do you think — I'm going to ask the same question to the other side. Let's say there were a federal law that said black people get 50 percent of the VA benefits that white people get. Yeah. And then a black person requests VA benefits from the secretary. You think the secretary would be under an obligation to just say, well, the law says we have to do this racially discriminatory thing that's obviously unconstitutional? So, the secretary would have discretion not to apply it. But this is different. This is about forcing the secretary to entertain actual — and adjudicate actual challenges to the invalidity — or the validity of the statute, to the validity of an act of Congress. That — you can't force an agency to adjudicate that in the first instance. Just so I understand your point, you're saying that there's a difference between the facial challenge that you're trying to bring and, like, an as-applied challenge that, like, if it came up through the process, the secretary would be able to decide as-applied to this, but there's something different with the facial. That's what you're saying? That's right. Facial is one of the key distinguishing factors because it attacks a decision of Congress rather than a decision of the secretary. Okay. Let's hear from your opposing counsel, Ms. Lopez. May it please the Court, Caroline Lopez, on behalf of the government. I want to start off where we were talking about the text of Section 511. And to just start off by saying I don't — the government does not think that the relevant text is the same. So the text in Section 211, first of all, as Your Honors have emphasized, was within a — you know, reading the statute as a whole was within a statutory scheme in which there was no judicial review. And that's really what was going on in Johnson. I mean, there really was no judicial review there. Exactly. And so what Congress does in response to — after Johnson happens and another case trainer and there are all these potentially conflicting district court decisions, Congress says, you know, the Supreme Court was right that there does have to be some vehicle of judicial review. And what we're going to do is create — What the judicial review sought was a facial challenge. But it didn't really necessarily matter that that's what it was, right? That's exactly right, Your Honor. Well, if we — if the government's right about this, there would be no judicial review. That's exactly right, Your Honor. And that is really threaded throughout the opinion in terms of the framework at which the — through which the Supreme Court was reading that language. And then — One question I have about Johnson that we're kind of touching on and asking now is, the Supreme Court in Johnson says, look, one way we know that constitutional issues don't have to be raised at this process is that the VA says that it doesn't consider constitutional issues during the process. Is that the same thing now? Or is the VA — if he were during the process of trying to get his benefits and he raised this constitutional issue, would the VA consider it? So I think that — He points to the case from the VA. That's right. He literally says, we don't know. The Dachron case. And so what I will say is that under the Supreme Court — and this case we don't talk about because this issue wasn't surfaced until the reply, of course — Elgin, which is 467 U.S. 1 at pages 16 through 17, so that's a different channeling scheme. But there, similarly, the MSPB thought that it couldn't actually address the constitutional questions in the first instance, but the Federal Circuit could. So very similar to this situation. And the Supreme Court said that it doesn't really matter for purposes of evading that channel of review if a lower administrative body doesn't weigh in. And then — Does it matter for the text of the statute? Because the text of the statute says that we're only precluded from addressing things that are necessary to the Secretary's decision. And if the Secretary is saying, I don't even address those things, how could we say that they're necessary to the Secretary's decision in the text of the statute? Absolutely. So in there, I think it's really helpful to look at the difference in the language between Section 211, the old Section 211, and Section 511. So Section 211 modified sort of the questions of what decisions were being made. So there was decisions of the administrator on any questions of law, in fact, under any law administered by the Veterans Administration. So that's a much narrower — that's potentially a much narrower question than the current language, which is the Secretary shall decide all questions of law, in fact, necessary to a decision by the Secretary under a law that affects the provision of benefits. That's much broader. And as Your Honor was pointing out before, it would be — if the Secretary lacked jurisdiction under the Constitution to apply a particular benefits statute, that would, of course, be necessary to the Secretary's ability to actually — I agree with that theory. I guess my problem is if the Secretary is saying we don't consider constitutional questions during this process, then how can we turn around and say that constitutional questions are necessary to a decision? I don't care about that. So I think one way to think about that is, of course, here the Federal Circuit has held that both this — the Federal Circuit, which Congress intended to decide these questions, has, of course, held that both the statute and the regulation implementing the statute are constitutional. If, instead, the Federal Circuit had said they are not constitutional, the Secretary would not apply that statute anymore because it would be necessary to the termination of the benefits. Can I ask you — so I want to ask a series of questions I ask your opposing counsel, which is let's assume for the moment I believe that the statute does sort of carve out facial constitutional challenges. So, in other words, I don't agree with what you've just said the last five minutes. How do they get through the door sovereign immunity-wise? I mean, we don't think that they — I agree. He pointed — your opposing counsel pointed to two avenues that he thinks you get there. One is the APA. One is through an Ex parte Young-like analog, even though I'm not sure it's ever been applied to the Federal Government. But how do you get there? And I think the problem is that the government doesn't think that you can get there in these circumstances. How is the APA not an avenue? How is Ex parte Young not an avenue? Unless you prove a negative. I mean, as Your Honor pointed out, the APA is about attacks on agency determinations. And here, as we have explained in our brief, it's quite clearly an attack on the agency determinations. The APA isn't a route. And that's quite clear for — I have your position, because you think 511 applies, that this does necessarily implicate the Secretary's decision. Right. That's right. But if — We don't think the APA is an avenue. We don't think the APA is an avenue, because the VGRA bars APA review in district courts. But again — That's exactly right, Your Honor. I can see in my world that I don't agree with your view of 511. And then we agree with Your Honor that it's a problem under the APA that they're saying they're not really suing — they're not really actually suing agency action. Well, tell me this. So the current statute, is it 72-52, says the Court of Appeals for Veterans Claims has exclusive jurisdiction to review decisions of the board — That's right. — and shall decide all — all's a big word — relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and hold unlawful and set-aside decisions contrary to constitutional right, privilege, or immunity. All right? So that's — Yes, Your Honor. — the U.S.C. 72-61, right? Yeah, that's absolutely right, Your Honor. And then the Federal Circuit has, quote, Congress says, exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section and to interpret constitutional and statutory provisions to the extent presented and necessary to a decision. That's 72-92B, right? That's absolutely right, Your Honor. And so there's judicial review available of any question of constitutional law about this, but it's just in other courts. That's exactly right, Your Honor. To the extent that there's a waiver of sovereign immunity, here's where it is.  And you have to go to those courts. Exactly. And one thing I wanted to point out, too, is this Court's decision in Smith, which this is sort of a general description and so it's not the binding holding of Smith. But this Court's decision in Smith, I think, really explains this question we're talking about, about what to do with these facial constitutional challenges and whether they're covered. So this is Smith 7F4. Do the statutes that I just said have permanent facial challenges? They do. They do. And again, the Federal Circuit in Hall has addressed this exact question. It was the same facial constitutional challenges to this statute and this regulation. And this actually really emphasizes, as a practical matter, how impossible it would be to disaggregate this type of so-called facial challenge on the statute in district courts throughout the country, even though this Court has already held in its whole decision that you couldn't get as to the regulation. So when the Secretary issues a decision, it's under both the statute and the regulation. So if, theoretically, the Court were to come out the other way, the Secretary would be in a real bind. Does the Secretary apply the binding Federal Circuit precedent as to the regulation, and actually the statute? Our decision says you can't challenge the regulation. That's exactly right. Is it any different for this statute? And I think it shouldn't be any different, both because of the plain text of Section 511A, read in combination with that giving of exclusive jurisdiction to the CAVC and the Federal Circuit over these issues, and also because, as a practical matter, that just, it's completely unworkable. And Congress, so in that passage in Smith, this is for, this is 7-4th at 975. Smith talks about how, if you look at the House report, when they were passing the VGRA, cites, which we cite in our brief too, House Report at 27. And House Report at 27 does say, if a veteran alleges that a statute is unconstitutional, the administrator must take a position with respect to such a contention if it is necessary to a decision in the case. So the provisions that I laid out about providing exclusive jurisdiction in the Court of Appeals for veterans' claims and then in the Court of Appeals for the Federal Circuit, which Congress has said has exclusive jurisdiction of all questions of constitutional law, did that system exist when the Johnson decision was decided? It did not. At the time of the Johnson decision, there was no judicial review of any kind. There would have been no judicial review of any kind for any type of constitutional challenge, except that, and that's why the Supreme Court interpreted, again, that different language in Section 211. A different scheme. Exactly. What do you say about my, so just as, what would happen if Congress had a law that was racially discriminatory and someone goes to get their VA benefits under that scheme? Play that out. What does the VA do? I have no reason to believe that the VA would apply a patently unconstitutional statute, and I'm quite sure that in very short order, the CAVC and the Federal Circuit would tell the Secretary to cut that out. Okay. One question about the substitution of Congress. So is there any reason for us to address that? I guess, so we've got two jurisdictional issues in this case. We've got the fact that he's here and we've got the fact that there's this other jurisdictional issue. Do you see any difference between those two in the sense that is there a reason to address the Congress issue if we were to agree with you on the other jurisdiction issue? I think just to ensure that there were, there's no confusion about, about sort of the proper way to bring these things. The government certainly would not object and agrees that there's no waiver of sovereign immunity with respect to Congress, and I think everybody here does agree with that. But then the government, especially because this was a pro se complaint brought by a veteran, construed it as really intended to be against the Secretary, as is evident from, as we've been discussing, the relief requested, you know, which included a DE 6.6, that full benefits be restored from the date that the statute was enacted. So there is a substitute, or can we just kind of operate on the assumption that we've got a different party? The government, of course, refers to the court's preferences as to how to handle that, but we would... The question re-frames the analysis because then we have to go to statutes to determine where the sovereign immunity has been waived and enhanced. Yes, Your Honor. And so we do think that the... To determine whether the statutory jurisdiction for this suit is... Yes, Your Honor. And so, yes, we absolutely agree that the court would have to address at some point in the opinion that Congress has not waived its sovereign immunity, whether it does so by then saying, but we construe this as... Because it is a pro se complaint brought by a veteran, we construe this as actually against the VA and then proceeds with the VJRA analysis or formally amends... Or say that we deny the amendment because any amendment would be futile. Or any amendment would be futile. Exactly, Your Honor. Yes, and the government would be very happy with that result. If there are no further questions, we'd ask that the court dismiss for lack of jurisdiction under the VJRA. Okay, Mr. Chen. So, I understand that there is some judicial review available in the current scheme, but I want to draw... It was available when Johnson was decided. Correct, but I think you still have the problem of the text, the secretary shall decide. It is not saying you can bring it, you can bring your facial constitutional claim and then have the agency sort of disclaim jurisdiction and then once it reaches the level that it can be decided, it can be decided. It says the secretary shall decide. It is forcing the agency to decide whatever is necessary. And if you construe whatever is necessary to include facial constitutional challenges to statutes, that presents a constitutional issue. That presents a separation of powers issue. And that is why... I don't understand that because I... If you are an executive officer and you are asked to do something under a law that is unconstitutional in all its applications, facially, how is that any different from you saying, well, I am not going to do that, versus a law that is unconstitutional in a particular application as applied. It seems like it is exactly the same analysis from the executive's perspective. I mean, I think we would all agree an executive can make an as applied determination not to do something because they think it is unconstitutional. They can make an as applied determination because it is about their own action. But when they are reviewing an action of Congress, that is the difference. The facial challenge is a challenge to a decision of Congress. And that presents the Marbury versus Madison problem. That presents the separation of powers problem. And so that is what I am raising here. I don't think that you can... I would caution against construing it that way. But to answer your question about Ex Parte Young, there are federal cases. It is not... So Dugan versus Rank is a Supreme Court case that... Because it is an injunctive? Okay. But you can set aside the money part and focus on the injunctive part. Okay. That is true. And maybe that part there is no jurisdiction to. But he clearly asked for injunctive relief as well. And at least asked for that part. I mean, to save his claim, yes. Because this is also prospective. I mean, he stands to gain a lot from this as well. So I guess my point is he is a pro se plaintiff. He doesn't know... I mean, he doesn't know the ins and outs of sovereign immunity. But what he did was he said to order the Veterans Administration to cease enforcing this law. That is probably right. I am not so sure that is the reason. But regardless, I think... I don't think that is a... I am not sure that is a fair inference. But I do think that his suing Congress is really a reflection of... I think he knew the law about facial constitutional challenges not being sort of within the scope of Section 511, at least as every appellate authority since Johnson has construed it. So yes, in that sense I agree that he sued Congress because he wanted to make clear that he was making a facial constitutional challenge to an act of Congress. And so I want to address... I want to address... I think you brought up Section 7252. So I don't read that, and I don't have the text in front of me, but I didn't read that as conferring or forcing sort of exclusive jurisdiction over all constitutional claims. Because what it says there is you have exclusive jurisdiction... Exclusive jurisdiction to review the decisions of the Board. Right, right. And you decide what legal questions, including constitutional questions...  But that sort of assumes... Exclusive jurisdiction in the Federal Circuit to the same end. But that assumes the conclusion of like what goes to the Board, right? It doesn't say that all constitutional claims, all facial constitutional claims must go through that process. All it says is whatever the Board decides, you have exclusive jurisdiction to review. So I don't sort of read that. I don't think that answers the problem of what must be brought through the VGRA scheme and what can be brought in the district court. Mr. Chen, I just want to say we appreciate you accepting the court appointment and the briefs you filed and your appearance this morning and argument and responding to the court's question last week. That's very helpful to us as we deal with this. And I want you to know we really appreciate you doing it. Thank you. It was our privilege.